UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SILVA MAMIGONIAN,<br><br>           Plaintiff,<br><br>     v.<br><br>MICHAEL BIGGS; TIMOTHY AIKEN; SUSAN CURDA; ALEJANDRO AYORKAS; JOHN MORTON; ERIC HOLDER, JR.; JANET NAPOLITANO; and the DEPARTMENT OF HOMELAND SECURITY,<br><br>           Defendants. | CIV. No. 2:13-980 WBS DAD<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS |

----oo0oo----

Plaintiff Silva Mamigonian, an Armenian national, brought this action under the Administrative Procedure Act, 5 U.S.C. § 704, challenging the decision of the United States Citizenship and Immigration Services ("USCIS") to deny her application for an adjustment of immigration status. Defendants now move to dismiss the action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure

1

12(b)(1).  (Docket No. 16.)

The factual and procedural history of this case is detailed in Mamigonian v. Biggs ("Mamigonian I"), in which the Ninth Circuit held that the district court lacked subject matter jurisdiction over a prior action by plaintiff challenging USCIS's denial of her application for an adjustment of immigration status.  See 710 F.3d 936, 938-40 (9th Cir. 2013).  The Ninth Circuit reached this conclusion "because there had been no final agency action by USCIS on [plaintiff's] pending adjustment-of-status applications at the time she filed her petition." Id. at 938.  Because USCIS had denied her pending adjustment-of-status applications between the time she initiated that action and the time the Ninth Circuit issued its opinion, the court concluded that "the District Court now has jurisdiction to hear Ms. Mamigonian's claim that USCIS improperly denied her adjustment-of-status application on nondiscretionary grounds." Id. at 946.

Plaintiff subsequently brought this action challenging USCIS's denial of her application for an adjustment of immigration status.  (Docket No. 1.)  Notwithstanding the Ninth Circuit's proclamation that this court now has jurisdiction, defendants now move to dismiss the action on the ground that this court lacks subject matter jurisdiction because USCIS's denial of plaintiff's application was a "discretionary" act.  (Docket No. 16.)[1]

---

[1] In addition, defendants seek to dismiss plaintiff's "claims" seeking a declaration that 8 C.F.R. §§ 245.2 and 1245.2 are invalid and seeking to require defendants to issue a press release and public retraction of their claims that plaintiff made a false claim to citizenship.  (Defs.' Mem. at 8-10 (Docket No. 16).)  "A declaratory judgment is not a theory of recovery," but

1         Federal Rule of Civil Procedure 12(b)(1) authorizes a
2    court to dismiss an action over which it lacks subject matter
3    jurisdiction.  When a party challenges the court's jurisdiction,
4    the party invoking its jurisdiction bears the burden of proving
5    that jurisdiction exists.  Kokkonen v. Guardian Life Ins. Co. of
6    Am., 511 U.S. 375, 376 (1994); Tosco Corp. v. Cmtys. For a Better
7    Env't, 236 F.3d 495, 499 (9th Cir. 2001), abrogated on other
8    grounds by Hertz Corp. v. Friend, 559 U.S. 77 (2010).  In the
9    immigration context, both the Supreme Court and the Ninth Circuit
10   have emphasized that courts "should construe narrowly
11   restrictions on jurisdiction."  Montero-Martinez v. Ashcroft, 277
12   F.3d 1137, 1141 (9th Cir. 2002) (citing Reno v. Am.-Arab Anti-
13   Discrimination Comm., 525 U.S. 471, 482-83 (1999)).

14        The Immigration and Nationality Act provides that
15   "regardless of whether the judgment, decision, or action is made
16   in removal proceedings, no court shall have jurisdiction to
17   review . . . any judgment regarding the granting of relief under
18   . . . [8 U.S.C.] § 1255," which governs adjustment-of-status
19   proceedings.  8 U.S.C. § 1252(a)(2)(B)(i).  The Ninth Circuit has
20   repeatedly held that this language "only precludes review of
21   discretionary determinations."  Mamigonian I, 710 F.3d at 943

---

rather "an additional remedy to litigants."  Hamilton v. Bank of Blue Valley, 746 F. Supp. 2d 1160, 1181 (E.D. Cal. 2010) (O'Neill, J.) (citations and internal quotation marks omitted). Likewise, an injunction compelling defendants to publicly retract their assertion that plaintiff made a false claim to citizenship is not a freestanding claim, but a remedy.
    Because the court does not reach the merits of plaintiff's underlying claim for relief, it need not determine what remedies may be available should plaintiff ultimately prevail.  Accordingly, the court will deny defendants' motion to dismiss these "claims" at this juncture.

3

1   (citing Montero-Martinez, 277 F.3d at 1142).

2   If an adjustment-of-status determination is
3   discretionary, the court lacks jurisdiction to determine whether
4   USCIS abused its discretion. Martinez-Rosas v. Gonzales, 424
5   F.3d 926, 930 (9th Cir. 2005). Nor may the court "reweigh the
6   facts" upon which the agency relied in making its adjustment-of-
7   status determination. Mendez-Castro v. Mukasey, 552 F.3d 975,
8   980 (9th Cir. 2009). But the Ninth Circuit has also emphasized
9   that immigration officials may not "insulate a decision that is
10  contrary to law from review by labeling such a decision
11  discretionary[.]" Hernandez v. Ashcroft, 345 F.3d 824, 846 (9th
12  Cir. 2003). Likewise, whether or not immigration officials
13  "relie[d] on an impermissible factor while purporting to exercise
14  [their] discretion" regarding an application is a legal question
15  that is subject to judicial review. Id. at 849; accord Lagua v.
16  Holder, 438 Fed. App'x 598, 600 (9th Cir. 2011) (noting that
17  courts "retain . . . jurisdiction to consider questions of law
18  and constitutional questions raised in a petition for review
19  challenging the agency's discretionary denial of relief"
20  (citation omitted)).

21  Here, USCIS explicitly characterized its decision to
22  deny plaintiff's application for an adjustment of immigration
23  status as a discretionary decision. The letter from USCIS
24  denying plaintiff's application includes a section entitled
25  "Discretionary Determination" which weighs "positive factors . .
26  . against the noted adverse factors." (USCIS Order, Defs.' Mem.
27  in Supp. of Mot. to Dismiss Ex. 1 at 5-6 (Docket No. 16-1).)
28  Although USCIS recognized that plaintiff had not violated any

other criminal laws, that she had resided in the United States since 2002, and that her family continued to reside in the United States, it nonetheless denied her application because it determined that she "had a preconceived intention to immigrate to the United States" and that she entered the United States with a "fraudulent passport." (Id. at 5.)

Ordinarily, whether or not an individual entered the United States with the preconceived intent to remain there is a "discretionary factor considered during the adjustment proceeding itself." Choe v. INS, 11 F.3d 925, 930 (9th Cir. 1993). Plaintiff does not simply argue, however, that USCIS abused its discretion by determining that she had entered the United States with the preconceived intent to remain there or that she had done so using a fraudulent passport. Rather, she argues, inter alia, that the immigration court had already determined that she did not do so and that its factual determinations collaterally estop USCIS from relying on contrary findings of fact in denying her application. (Pl.'s Opp'n at 7-8 (Docket No. 28).)

"It is beyond dispute that the doctrine of collateral estoppel (or issue preclusion) applies to an administrative agency's determination of certain issues of law or fact involving the same alien in removal proceedings." Oyeniran v. Holder, 672 F.3d 800, 806 (9th Cir. 2012) (citations omitted); see also Ramon-Sepulveda v. INS, 824 F.2d 749, 750-51 (9th Cir. 1987) (per curiam) (noting that "[b]ecause the immigration judge's initial decision is res judicata, [immigration officials] at the very least [are] precluded from seeking to deport [a] petitioner based on matters that were resolved in the earlier deportation


proceedings"). By extension, this court retains jurisdiction to determine whether USCIS was collaterally estopped from relying on these factual determinations, even if it relied on them in the context of an otherwise discretionary decision. See, e.g., Lopez-Bazante v. Gonzales, 237 Fed. App'x 131, 133 n.2 (9th Cir. 2007) (noting that the court had jurisdiction to review "legal claims of impermissible retroactivity and res judicata").

In short, even if USCIS's decision was nominally "discretionary," the court at the very least may still determine whether USCIS was collaterally estopped from making certain findings of fact and, if so, whether these facts constituted an "impermissible factor" that USCIS relied on in denying plaintiff's application. See Hernandez, 345 F.3d at 849. Accordingly, the court must deny defendants' motion to dismiss for lack of subject matter jurisdiction.[2]

IT IS THEREFORE ORDERED that defendants' motion to dismiss be, and the same hereby is, DENIED.

Dated: January 28, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] Because defendants' motion to dismiss only challenges the court's subject matter jurisdiction, the court need not reach the merits of plaintiff's collateral estoppel argument in this Order.